FILED
2022 Jan-19 PM 01:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DEANNA TOMLINSON,** § | |
| § | |
| **PLAINTIFF,** § | |
| § | |
| **VS.** § | |
| § | **Case No.:** |
| **RUSSELL RAY STEELE, and** § | |
| **SMART EXPRESS, INC.,** § | |
| § | |
| **DEFENDANTS.** § | |

## COMPLAINT

Comes now the Plaintiff, Deanna Tomlinson, and respectfully offers the following factual allegations as a basis for relief:

## STATEMENT OF THE PARTIES

1. Plaintiff Deanna Tomlinson (Tomlinson) is over the age of nineteen (19) years and a resident citizen of Calhoun County, Alabama, residing at 301 East Oak Street, Oxford, Al. 36203.

2. Defendant Smart Express, Inc., ("Smart Express") is a foreign corporation doing business by agent in Alabama with its principal place of business in Auburn, Georgia.

3. Defendant Russell Ray Steele ("Steele") is over the age of nineteen (19) and a resident citizen of Norcross, Georgia. Steele was an employee and agent

of Smart Express and was operating Smart Express' tractor trailer within the line and scope of his employment at the time of this incident.

## ALLEGATION OF FEDERAL DIVERSITY JURISDICTION

4. Defendant Steele is a resident of Norcross, Georgia. Defendant Smart Express is a foreign corporation doing business by agent in Alabama with its principal place of business in Auburn, Georgia. The Plaintiff resides in Alabama.

5. This court has jurisdiction over this matter based upon 28 U.S.C. § 1332, in that the parties are citizens in separate states and Plaintiff's claims are in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

6. Venue is proper in this court because Plaintiff resides in this District, pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

7. On or about Sunday, November 8, 2020, around 12:30 a.m. Tomlinson was driving her 2009 Dodge Durango in the right lane with an attached camper traveling north on Interstate 59 in Sumpter County, Alabama.

8. Defendant Steele was driving a 2014 International Prostar eighteen-wheeled transfer truck and trailer and also traveling north on Interstate 59 in the right lane behind Tomlinson.

9. Tomlinson's vehicle began experiencing engine trouble and was having difficulty pulling the attached camper. Tomlinson's vehicle was involuntarily losing speed. Tomlinson elected to pull into a rest stop just ahead in order to have her vehicle checked and repaired if necessary.

10. However, as Tomlinson's vehicle began losing speed traveling north on 1-59, Steele operated Smart Express' tractor trailer in such a manner that it struck the rear of Tomlinson's camper at a speed over 70 mph causing the camper to separate from her Durango. The tractor trailer operated by Steele ran completely over Tomlinson's camper, then struck the rear of Tomlinson's Durango causing it to leave the roadway. Tomlinson and her vehicle went down an embankment approximately 120 feet before striking a ditch, then came to a stop a short distance after crossing the ditch. As a result of this collision, Tomlinson was seriously and permanently injured.

11. At the time of the incident, Plaintiff Deanna Tomlinson was contractually insured by Defendant State Farm, policy number 4435915-D13-01. The policy provided Tomlinson uninsured and underinsured insurance coverage.

## COUNT I
### (Negligence, Wantonness, and or Last Clear Chance)

12. Plaintiff adopts and incorporates paragraphs 8 – 11 by reference into this count.

13. On or about November 8, 2020, at approximately 12:30 o'clock a.m. Central Standard Time, the Plaintiff, Deanna Tomlinson, was driving her 2009 Dodge Durango with an attached camper traveling north on Interstate 59 in the right lane. Defendant Steele was also traveling north on Interstate 59 in the right lane. Defendant Steele operated his vehicle in such a manner that even though he saw other vehicles pass Tomlinson's vehicle, he failed to realize it was traveling slower than the flow of traffic. As a result, Steele's vehicle crashed into the back of the camper, drove completely over the camper, and struck the rear of the Plaintiff's vehicle pushing it off the right side of the roadway and over an embankment approximately 120 feet before striking a ditch. As a result of this collision, the Plaintiff was seriously and permanently injured.

14. At the time and place above alleged, Defendant Steele, was operating his vehicle in excess of the posted speed limit and was not paying attention to the road and vehicles ahead of him. Specifically, Steele failed to see and or appreciate the difficulty Tomlinson was experiencing with her slowing vehicle. While Tomlinson was in a helpless state due to mechanical trouble, Steele operated the tractor trailer he was driving in such a negligent and or wanton manner that he collided with the rear of Tomlinson's vehicle.

15. As he drove north on Interstate 59 on this occasion, Steel knew that if he continued driving in excess of the speed limit and if he failed to stay alert

enough to focus his attention on the road ahead of him, the risk of wrecking with another vehicle and causing a significant injury was probable. Yet, Steele continued to drive his vehicle in excess of the speed limit, and he failed to keep his attention on the road ahead, and as a direct result he crashed into the rear of Tomlinson's vehicle. Tomlinson was seriously and permanently injured in the resulting collision.

16. The conduct of the Defendant Steele, as described herein, was wrongful, negligent, and or wanton.

17. Because her vehicle was involuntarily slowing on the said Interstate highway, Tomlinson was in a perilous position and the defendant Steel, knew or should have known of her peril, failed to use reasonable ordinary care to avoid the collision, thus causing injury to Tomlinson. Regardless of the actions or inactions Tomlinson took or did not take, Steel failed to operate his tractor-trailer at a speed that would have allowed him to pass Tomlinson's vehicle and avoid the collision. Therefore, Steel was subsequently negligent and had the last clear chance to avoid the wreck, but he failed to do so when he drove his tractor-trailer in such a speeding manner that it struck Tomlinson's vehicle from the rear.

18. At the time and place of the above collision, Steele was an agent, servant, and or employee of the Defendant, Smart Express, and was acting within the line and scope of his agency, service, and or employment for the Defendant,

Smart Express at the time his vehicle collided with Tomlinson's vehicle. Therefore, Smart Express is vicariously liable for the said actions of Steele, including Steel's negligence and or wantonness.

19. As a proximate result of the Defendant Steele's negligence and/or wantonness, Plaintiff, Deanna Tomlinson, suffered damages and injuries including but not limited to the following when her vehicle was forced off the highway and down a ravine by Defendant Steel:

    a. Plaintiff suffered physical injuries, including complex left-hand laceration at metacarpal joint that required surgery, rib fractures, scapula fracture, pubic bone fracture, forehead abrasion;

    b. Plaintiff incurred expenses for medicine, physicians' fees, hospital charges, and other related charges for health care; further, Plaintiff will continue to incur such expenses in the future;

    c. Plaintiff suffered great pain and suffering from the said injuries caused by the conduct of the Defendants; further, Plaintiff will continue to experience pain and suffering in the future;

    d. Plaintiff suffered mental anguish and/or emotional distress from said injuries and as a result of said collision by the conduct of the

    Defendants; further, Plaintiff will continue to suffer mental anguish and/or emotional distress in the future;

  e. Plaintiff is unable to pursue many of her normal and usual activities; further, Plaintiff will be unable to pursue many of her normal and usual activities;

  f. Plaintiff incurred various out-of-pocket expenses as a result of the injuries and mental anguish/emotional distress caused by the conduct of the Defendants.

  g. Plaintiff was unable to perform her duties at work for an extended period of time and as a result had lost wages and benefits.

**WHEREFORE, THESE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and punitive damages, in amounts to be determined.

Respectfully submitted,

*/s/Robert F. Prince*
Robert F. Prince (asb-2570-c56r)
Prince Glover Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: rprince@princelaw.net

## COMPLAINT TO BE SERVED BY CERTIFIED MAIL

Smart Express, Inc.
c/o The Financial Integrity Group A Georgia Corporation
410 E Taylor Street Suite G
Griffin, GA 30223

Russell Ray Steele
1306 Hampton Ridge Road
Norcross, GA 30093